**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**ADONNE HORTON,**

        **Petitioner,**

**v.**                              **CIVIL ACTION NO. 3:23-CV-184
(GROH)**

**DONALD F. AMES,**

        **Respondent.**

## <u>REPORT AND RECOMMENDATION</u>

### I.    INTRODUCTION

This case was initiated on August 4, 2023, when the Petitioner filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. ECF No.1.[1] The Petitioner paid the $5.00 filing fee on September 1, 2023. ECF No. 7. The Petitioner is currently an inmate at the Mount Olive Correctional Complex in Mount Olive, West Virginia, serving a life sentence.[2]

Accordingly, this case is before the undersigned for a report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure (LR PL P) 2, <u>et seq</u>., and 28 U.S.C. §§ 636, 1915(e), and 1915(A). For the reasons set forth below, the undersigned recommends that the petition be denied and dismissed without prejudice.

---

[1]  All ECF references herein are in the instant case, 3:23-CV-184, unless otherwise noted.

[2]  See West Virginia Division of Corrections and Rehabilitation Offender Search for Prisons, https://apps.wv.gov/ois/offendersearch/doc

## II.  FACTUAL AND PROCEDURAL HISTORY

**A.**     **The Petitioner's State Conviction, Sentence and Direct Appeal**

**1.**     **Conviction and Sentence in Marion County Circuit Court**

On October 2, 2017, the Petitioner was charged in Marion County, West Virginia Circuit Court in an indictment returned in case number 17-F-147. ECF No. 28-1. He was charged in the single count with Fleeing in a Vehicle with Reckless Disregard, in violation of West Virginia Code § 61-4-17(f). Id.

On August 22, 2019, the Petitioner was convicted in Marion County Circuit Court of Fleeing in a Vehicle with Reckless Disregard, a felony offense in violation of W.Va. Code § 61-5-17(f). ECF Nos. 28-2 at 1; State v. Horton, 248 W.Va. 41, 44, 886 S.E.2d 509, 512 (2023). Following this conviction, the State filed a recidivist Information, case number 19-F-184, on September 4, 2019, which charged the Petitioner with having twice previously been convicted of offenses which were punishable by more than one year in a state correctional facility. ECF No. 28-2. On April 8, 2021, a jury was empaneled to try the recidivist charge, but at that time the Petitioner accepted a plea offer, and admitted to the allegations in the Information. ECF No. 28-3 at 1. The Circuit Court found the Petitioner guilty upon his plea and ordered an updated Pre-Sentence Report. Id. at 2–3. The Petitioner and State both filed sentencing memoranda [ECF Nos. 28-4, 28-5], and on May 21, 2021,[3] the Circuit Court imposed a life sentence[4] under the West Virginia recidivist

---

[3] Sentence was imposed on May 21, 2021, but the Sentencing Order was not entered or filed with the Clerk until June 7, 2021. ECF No. 28-6.

[4] As noted by the sentencing court, the Petitioner will be eligible for parole consideration after serving fifteen years. ECF No. 28-6 at 2–3. Further the Petitioner's effective date of sentence was determined to be August 9, 2018. Id. at 2.

statute for the Petitioner's conviction upon the sole count of the Indictment in case number 17-F-147, and the Information in case number 19-F-184. ECF No. 28-6.

### 2.    Appeal to the West Virginia Supreme Court of Appeals

The Petitioner filed a direct appeal in the West Virginia Supreme Court of Appeals in that court's docket-number 21-0532, on November 8, 2021. ECF No. 28-7; State v. Horton, 248 W.Va. 41, 886 S.E.2d 509 (2023). The Petitioner raised four grounds in his appeal from the circuit court: (1) that the circuit court erred in applying the 2020 version of the recidivist statute to the Petitioner; (2) the circuit court erred in relying on the language of the recidivist statute when it rejected the Petitioner's claim of disproportionality in sentencing; (3) that the imposed sentence shocks the conscience; and (4) the Petitioner's convictions should not qualify under the recidivist statute because only one of those convictions involved: (a) actual violence; (b) threatened violence; or (c) substantial impact upon the victim such that harm results.[5] ECF No. 28-7.

By opinion decided April 10, 2023, the West Virginia Supreme Court of Appeals affirmed the Circuit Court's sentence under the habitual offender statute. State v. Horton, 248 W.Va. 41, 886 S.E.2d 509 (2023).

### B.    Petitioner's Failure to File State Habeas Corpus Petition

Neither party cites to, nor does it appear[6] that the Petitioner has filed a habeas corpus petition in Marion County Circuit Court. Accordingly, no appeal as to the denial of habeas relief has been filed with the Supreme Court of Appeals of West Virginia.

---

[5] The Petitioner concedes that his 1999 conviction for a 1998 assault was actually violent, but he argues that his 2003 conviction for the 2002 wanton endangerment "involved at most only a threat of violence." ECF No. 28-7 at 19. The Petitioner argues that his 2019 conviction for 2017 reckless fleeing only "involved the possibility that something violent would occur." Id.

[6] The Clerk of the Marion County Circuit Court has verified that as of May 9, 2024, the Petitioner has not filed a habeas corpus action in that jurisdiction.

3

C.      **Instant Federal Habeas Petition**

In his § 2254 petition filed herein on October 23, 2023, the Petitioner articulates two grounds for relief: (1) in Ground One the Petitioner was sentenced under a statute which is unconstitutionally invalid and void for vagueness [ECF No. 13 at 6]; and (2) in Ground 2 the Petitioner was sentenced under a 2020 law for a crime committed in 2017, in violation of ex post facto principles. Id. at 9. The Petitioner requests that the Court reverse his conviction and remand this case to the Circuit Court of Marion County, West Virginia, for resentencing. Id. at 20.

The Respondent filed a motion to dismiss and for summary judgment, along with a memorandum in support and multiple exhibits, on January 26, 2024. ECF Nos. 28, 28-1 through 28-10, 29. In his memorandum, the Respondent argues that the Petitioner is not entitled to relief under § 2254 because: (1) the Petitioner's claim that W.Va. Code § 61-11-18 is unconstitutionally vague is (a) procedurally defaulted based on his failure to exhaust that claim in State court prior to seeking habeas relief in federal court; and (b) the statute is unambiguous. [Id. at 7–20]; and (2) the Supreme Court of Appeals of West Virginia determined that the application of W.Va. Code § 61-11-18 in the Petitioner's sentencing was not an ex post facto application of the revised statute, and was not contrary to or an unreasonable application of federal law. [Id. at 20–25]. To the extent that the Petitioner's claim of statutory vagueness could be subject to an exception to the requirement of exhaustion, the Respondent contends that the Petitioner has failed to show both cause for the default and prejudice, as required under Plymail v. Mirandy, 8 F.4th 308, 316 (4th Cir. 2021). ECF No. 29 at 9.

4

The Petitioner filed a response in opposition[7] to the Respondent's motion to dismiss and for summary judgment on February 26, 2024. ECF No. 32. In his response, the Petitioner contends that: (1) the 2000 version of West Virginia code § 61-11-18 is unconstitutionally vague [Id. at 1–2]; and (2) for the first time asserts that his appellate counsel was constitutionally ineffective "in Failing to Bring the Recidivist Statute's Constitutional Infirmities to the Supreme Court's Attention in Violation of the Sixth Amendment of the U.S. Constitution and Article III, § 14 of the West Virginia Constitution." [Id. at 2]. The Petitioner's response did not address the issue of exhaustion of his available state court remedies.

### III.    LEGAL STANDARD

### A.    Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[8] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless

---

[7] The Petitioner styled this "Objection to Summary Judg[ment]." ECF No. 32.

[8] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss

> lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### B.    Petitions for Relief Under 28 U.S.C. § 2254

All petitions for habeas corpus relief under § 2254 are subject to a strict one-year period of limitation, based on the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Further, pursuant to Rule 3, of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he time for filing a petition is governed by 28 U.S.C. § 2244(d)."  That statute provides that:

> **(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

**(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
**(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Substantively, the provisions of 28 U.S.C. § 2254 must be examined to determine whether habeas relief is proper. Under 28 U.S.C. § 2254(a) a district court must entertain a petition for habeas corpus relief from a prisoner in State custody, but "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

A petitioner can only seek § 2254 relief if he has exhausted the remedies available in state court, the corrective process is not available in state court, or the state process is ineffective to protect the petitioner. 28 U.S.C. § 2254(b). Moreover, "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The statute, 28 U.S.C. § 2254, further addresses when a writ of habeas corpus shall not be granted to a state prisoner:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

See also <u>Williams v. Taylor</u>, 529 U.S. 362 (2000). "By its terms, § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (2)." <u>Harrington v. Richter</u>, 562 U.S. 86, 98, 131 S.Ct. 770, 784 (2011).

> This standard . . . is difficult to meet. Clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of this Court's decisions. And an unreasonable application of those holdings must be objectively unreasonable, not merely wrong; even clear error will not suffice. Rather, as a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

<u>White v. Woodall</u>, 572 U.S. 415, 419 – 20, 134 S. Ct. 1697, 1702 (2014) (cleaned up).

Further, the Supreme Court has recognized that while the 1996 enactment of the AEDPA, including 28 U.S.C. § 2254:

> Announced certain new conditions to relief, it did not guarantee relief upon their satisfaction. Instead, Congress left intact the equitable discretion traditionally invested in federal courts by preexisting habeas statutes. So even a petitioner who prevails under AEDPA must still today persuade a federal habeas court that "law and justice require" relief. . . . Today, then, a federal court must *deny* relief to a state habeas petitioner who fails to satisfy either of this Court's equitable precedents or AEDPA. But to *grant* relief, a court must find that the petitioner has cleared both tests.

<u>Brown v. Davenport</u>, 596 U.S. 118, 142 S.Ct. 1510, 1524 (2022).

The statute also fully addresses factual determinations made in state court:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e).

A claim is generally considered to have been "adjudicated on the merits" when it is "substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." Thomas v. Davis, 192 F.3d 445, 455 (4th Cir. 1999). The "contrary to" and "unreasonable application clauses of § 2254(1)(d) have separate and independent meanings. Williams v. Taylor, 529 U.S. 362, 364 (2000). A state court decision warrants habeas relief under the "contrary to" clause "if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to the Supreme Court's." Lewis v. Wheeler, 609 F.3d 291, 300 (4th Cir. 2010) (quoting Williams, 529 US at 405) (internal quotations omitted). A writ of habeas corpus may be granted under the "unreasonable application" clause if the state court "identifies the correct governing legal rule from the [Supreme] Court's cases but unreasonably applies it to the facts of the particular case." Id. at 300 - 301 (internal marks omitted). Therefore, the AEDPA limits the habeas court's scope of review to the reasonableness, rather than the correctness, of the state court's decision.

### C.    Motions to Dismiss

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a case when a complaint fails to state a claim upon which relief can be granted. The Federal Rules of Civil Procedure require only, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited,

"the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

Plaintiff is proceeding *pro se* and therefore the Court must liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285 (1976); Haines v. Kerner, 404 U.S. 519, 520 – 21 (1972) (per curiam); Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007). Although a complaint need not contain detailed factual allegations, a plaintiff's obligation in pleading, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face." Id. at 555, 570. In Twombly, the Supreme Court found that, "because the plaintiffs [ ] have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. at 570. Thus, to survive a motion to dismiss, a plaintiff must state a plausible claim in his complaint which is based on cognizable legal authority and includes more than conclusory or speculative factual allegations.

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S.Ct. 1937 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," because courts are not bound to accept as true a legal conclusion couched as a factual allegation. Id. at 678. "[D]etermining whether a complaint states a plausible claim . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. Thus, a well-pleaded complaint must offer

more than, "a sheer possibility that a defendant has acted unlawfully," in order to meet the plausibility standard and survive dismissal for failure to state a claim.  Id. at 678.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly,  it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true, and the complaint is viewed in the light most favorable to the plaintiff.  Mylan Labs, Inc. v. Matkari, 7 F.3d1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

> **D.    Motions for Summary Judgment**

Pursuant to Federal Rule of Civil Procedure 56(a), the Court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  In applying the standard for summary judgment, the Court must review all the evidence in the light most favorable to the nonmoving party.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 – 23 (1986).  However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion to, "demonstrate the absence of a genuine issue of material fact."  477 U.S. at 323.  Once "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some

metaphysical doubt as to material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

"The movant has the burden of showing that there is no genuine issue of fact, but the plaintiff is not thereby relieved of his own burden of producing in turn evidence that would support a verdict." Anderson, supra, at 256. Thus, the nonmoving party must present specific facts showing the existence of a genuine issue for trial, meaning that "a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but must set forth specific facts showing that there is a genuine issue for trial." Id. The "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Id. at 248.

To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, supra, at 248.

Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, supra, at 587. "Where the record as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Id. citing First Ntl. Bank of Ariz. v. Cities Service Co., 391 U.S. 253, 289, 88 S.Ct. 155, 1592 (1968). See Miller v. Fed. Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). Although any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party

opposing the motion, where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Matsushita, supra, at 587-88.  Anderson, supra, at 248-49.

## IV.   ANALYSIS

### A.   The Petitioner's Failure to Exhaust State Habeas Corpus Remedies

The privilege of the writ of habeas corpus is recognized in Article I, Section 9 the United States Constitution. Petitions for writs of habeas corpus filed in the federal courts are governed by 28 U.S.C. § 2241 et seq. Pursuant to 28 U.S.C. §2254(b)(1):

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

In Baldwin v. Reese, 541 U.S. 27, 29, 124 S.Ct. 1347, 1349 (2004), the Supreme Court held that to, "provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim." Accordingly, a petition for writ of habeas corpus on behalf of a prisoner in State custody should not be entertained by a federal court unless the petitioner has first exhausted his state remedies. Principles of comity dictate that the State must first be afforded a full and fair opportunity to pass upon and correct the alleged violation of its prisoners' federal rights. See Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995); Woodfolk v. Maynard, 857 F.3d 531 (4th Cir. 2017).

As the Supreme Court recognized in Castille v. Peoples, 489 U.S. 346, 349, 109

13

S.Ct. 1056, 1059 *reh'g denied*, 490 U.S. 1076, 109 S.Ct. 2091 (1989), practical considerations also necessitate exhaustion of State court claims prior to federal review:

> The exhaustion requirement, first enunciated in *Ex parte Royall*, 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868 (1886), is grounded in principles of comity and reflects a desire to "protect the state courts' role in the enforcement of federal law," *Rose v. Lundy, supra,* 455 U.S., at 518, 102 S.Ct., at 1203. In addition, the requirement is based upon a pragmatic recognition that "federal claims that have been fully exhausted in state courts will more often be accompanied by a complete factual record to aid the federal courts in their review." 455 U.S., at 519, 102 S.Ct., at 1203-1204.

To exhaust available state remedies, a habeas petitioner must fairly present the substance of his claim to the state's highest court. The Supreme Court explained in Duncan v. Henry, supra, 513 U.S. at 365, 115 S.Ct. at 888, "[i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution."

In Baldwin v. Reese, supra, 541 U.S. at 32, 124 S. Ct. at 1351, the Supreme Court further explained the requirements of such fair presentment:

> We [ ] hold that ordinarily a state prisoner does not "fairly present" a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so.

The Court opined that, "[a] litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief . . . by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" Id. See also Howell v. Mississippi, 543 U.S. 440, 444 (2005) (dismissing the writ of certiorari as improvidently

granted because the federal constitutional claim was not fairly presented to the State's highest court for purposes of 28 U.S.C. § 1257).

In West Virginia, the exhaustion of State remedies is accomplished by a petitioner raising the federal issue on direct appeal from his conviction or in a post-conviction state habeas corpus proceeding in the state circuit court of conviction followed by an appeal to the West Virginia Supreme Court of Appeals. See Moore v. Kirby, 879 F. Supp. 592, 593 (S.D. W.Va. 1995); see also Bayerle v. Godwin, 825 F. Supp. 113, 114 (N.D.W.Va. 1993) ("A Petitioner challenging a state criminal conviction by a federal habeas corpus action in West Virginia can satisfy the exhaustion requirement by filing a petition for writ of habeas corpus ad subjiciendum in an appropriate state circuit court and, if unsuccessful there, by appealing the denial of the writ to the state Supreme Court.") A federal court may only consider those issues the petitioner presented to the State court, and "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). As the Supreme Court explained in Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 512 (1971), "We have consistently adhered to this federal policy, for 'it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.'" (Internal citation omitted).

"The burden of proving that a claim is exhausted lies with the habeas petitioner." Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998), cert. denied, 523 U.S. 371 (1998). The Fourth Circuit also found in Breard that, "[t]he exhaustion requirement is not satisfied

if the petitioner presents new legal theories or factual claims for the first time in his federal habeas petition." Id.

Here, the Petitioner has failed to file a state habeas corpus petition in the state court of his conviction, Marion County, West Virginia Circuit Court. But filing a State habeas alone is insufficient. If the State habeas is denied in Circuit Court, the Petitioner must appeal the adverse ruling to the West Virginia Supreme Court of Appeals. Only after an adverse ruling in that Court could this Court rule upon any issues in Petitioner's § 2254 petition. Further, the Petitioner concedes that he has not filed a state habeas corpus action. ECF No. 13 at 3, 7. The Petitioner argues that he did not exhaust his State remedies on Ground One regarding vagueness of the statute, because "[t]his claim was implicit in Petitioner's direct appeal. Any attempt to reraise this claim would result in a denial under res judicata principles." Id. at 6–7. Regardless of how the Supreme Court of Appeals of West Virginia ruled, it does excuse the Petitioner's failure to file a state habeas corpus proceeding. The Petitioner fails to further address this failure in his response [ECF No. 32] to the motion to dismiss. However, the undersigned notes that Petitioner has not sought a writ of habeas corpus in state court for his convictions and sentence imposed in 17-F-147, or 19-F-184.

Accordingly, it is clear that the Petitioner has failed to obtain final judgment, or to ever seek a writ of habeas corpus in state court related to his convictions in Marion County, cases 17-F-147, and 19-F-184, and to similarly exhaust his claims in the West Virginia Supreme Court of Appeals. Although the Petitioner argues res judicata in his petition, does not more specifically address his failure to exhaust his state remedies in either his petition or his response to the Respondent's motion to dismiss and for summary

16

judgment. ECF Nos. 13 at 7, 9; 32. Even if he had, he was still required to procedurally exhaust his claims prior to filing a habeas corpus action under § 2254. However, critically, the Petitioner filed this habeas petition on August 4, 2023, just four months after the issuance of the April 10, 2023, Supreme Court of Appeals West Virginia's opinion which denied the Petitioner relief in his direct appeal. Even if the Petitioner had filed a habeas corpus action in state court, it is unlikely that both his circuit court and appeal to the Supreme Court of Appeals would have reached disposition before the Petitioner instituted this action.

Because the Petitioner has failed to both obtain a habeas corpus judgment in the appropriate state circuit court in Marion County, and appeal any adverse ruling to the Supreme Court of Appeals of West Virginia, for a final ruling in that tribunal, the undersigned finds that the Petitioner's claims are not exhausted as he still has remedies available in State court. Thus, this Court lacks jurisdiction and it is inappropriate for this Court to entertain the Petitioner's federal habeas petition at this time.

When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

### B.    Claims Which Were Procedurally Defaulted

To the extent that Petitioner raises any issues which relate to alleged errors in his trial, but which were not raised on direct appeal, or in post-conviction proceedings, he is not entitled to relief on any such claims.

Such a failure to raise those issues on direct appeal precludes relief through habeas proceedings. "Habeas review is an extraordinary remedy and " 'will not be allowed to do service for an appeal.' " <u>Bousley v. United States</u>, 523 U.S. 614, 621, 118 S. Ct. 1604, 1610 (1998) (quoting <u>Reed v. Farley</u>, 512 U.S. 339, 354, 114 S.Ct. 2291, 2300 (1994), and <u>Sunal v. Large</u>, 332 U.S. 174, 178, 67 S.Ct. 1588, 1590-1591 (1947)). Accordingly, the Petitioner's claim that West Virginia Code § 61-11-18, the recidivist statute, is void for vagueness, is procedurally defaulted by his failure to raise that claim in State court on direct appeal or through habeas corpus proceedings before filing the instant action.[9] This Petitioner is required to raise an issue with the State court before this Court may consider that issue for determination of whether the State court adjudication of his claim was contrary to, or involved an unreasonable application of clearly established law, as determined by the Supreme Court, or resulted in an application of the facts. 28 U.S.C. § 2254(d), (d)(1), (d)(2). As recognized above, under the holding of <u>Baldwin v. Reese</u>, a prisoner must fairly present his claim in each appropriate state court, thereby alerting that court to the federal nature of his claim.

Because this issue was not previously raised and decided by the West Virginia Supreme Court of Appeals on direct appeal, the Petitioner cannot demonstrate that he meets either of the two subparagraphs of 28 U.S.C. § 2254(d), which are necessary to grant him relief.

---

[9] The Respondent notes that Horton "made fleeting references to vagueness in his appeal but only as to the State's proportionality test, not the statute itself." ECF No. 29 at 4–5. A review of the Petitioner's brief filed with the Supreme Court of Appeals of West Virginia reveals that he addresses "the *clear language of the statute* and the *intention of the legislature*," and "the clarity of the language of a statute," however, an argument that the statute is void for vagueness is not made. ECF No. 28-7 at 15 (emphasis in original).

18

Accordingly, regardless of whether the Petitioner exhausted his remedies, to the extent that he asserts in his § 2254 petition any ground that he did not raise on direct appeal, the Petitioner is not entitled to relief because that ground is now procedurally defaulted. Accordingly, it is inappropriate for this Court to entertain the Petitioner's federal habeas petition on grounds which have not previously been presented on direct appeal, or in post-conviction proceedings in State court.

### C.    The Petitioner's Claim of Ex Post Fact Violation was Previously Raised and Adjudicated in State Court

The Petitioner asserts that he was sentenced under the 2020 version of the recidivist statute, West Virginia Code § 61-11-18, in violation of ex post facto principles. However, he is not entitled to relief on that ground because this issue was previously raised and decided by the West Virginia Supreme Court of Appeals on direct appeal, and the Petitioner cannot demonstrate that: (1) the adjudication of his claim was contrary to, or involved an unreasonable application of clearly established law, as determined by the Supreme Court; or (2) resulted in an unreasonable determination of the facts. 28 U.S.C. § 2254(d), (d)(1), (d)(2).

In the Petitioner's response [ECF No. 32] to the motion to dismiss and for summary judgment,[10] he did not explain *how* the state court decision was contrary to or involved

---

[10]   In his response he also for the first time makes two allegations of ineffective assistance of appellate counsel: (1) that counsel was ineffective in challenging the statute's constitutionality in violation of the Sixth and Fourteenth Amendments to the United States Constitution, and Article III, §§ 10 and 14 of the West Virginia Constitution [ECF No. 32 at 1]; and (2) that counsel was ineffective in failing to raise the recidivist statute's "constitutional infirmities" to the Supreme Court in violation of the Sixth Amendment of the United States Constitution, and Article III, § 14 of the West Virginia Constitution [Id.]. However, these claims have never been raised by the Petitioner in any State court pleading, and accordingly, the Petitioner failed to exhaust any remedies he may have had in State court to address these issues before filing the instant action herein. Further, "[c]ourts generally do not . . . consider issues first mentioned in a reply brief." Cone v. Bell, 556 U.S. 449, 482, 129 S. Ct. 1769, 1790, 173 L. Ed. 2d 701 (2009).

an unreasonable application of federal law, or **how** the state court decision was based on an unreasonable determination of the facts for any of his claims. Accordingly, even construed liberally, these blanket statements still do not assert that all "[t]he State Court decisions were contrary to, and involved an unreasonable application of clearly established Federal law" and "were based on an unreasonable determination of the facts." The undersigned finds that the challenged State court decision from direct appeal was not contrary to, or involved an unreasonable application of clearly established federal law. Further, the undersigned finds that the decision of the Supreme Court of Appeals of West Virginia State was not based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

## V. RECOMMENDATION

For the reasons set forth in this opinion, it is **RECOMMENDED** that the petition [ECF No. 13] for habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DISMISSED WITHOUT PREJUDICE** and should thereafter be dismissed from the docket. It is further **RECOMMENDED** that the Petitioner should be denied a Certificate of Appealability. It is further **RECOMMENDED** that Respondent's motion to dismiss and for summary judgment [ECF No. 28] should be **GRANTED**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages,

including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED:      May 10, 2024

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE