IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**ADONNE HORTON,**

      Petitioner,

v.                                               **CIVIL ACTION NO.: 3:23-CV-184 (GROH)**

**DONALD F. AMES,**

      Respondent.

**ORDER OVERRULING OBJECTIONS AND ADOPTING
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Now before the Court is a Report and Recommendation ("R&R") entered by United States Magistrate Judge Robert W. Trumble. ECF No. 33. Pursuant to the Local Rules of Prisoner Litigation Procedure, this action was referred to Magistrate Judge Trumble for submission of an R&R. In his R&R, Magistrate Judge Trumble recommends that (1) the Petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2254 [ECF No. 13] be denied and dismissed without prejudice, (2) the Petitioner be denied a Certificate of Appealability, and (3) the Respondent's motion to dismiss and for summary judgment [ECF No. 28] be granted. ECF No. 33 at 20. The Petitioner filed his objections to the R&R on June 10, 2024. ECF No. 35. Accordingly, this matter is ripe for adjudication.

**I.  LEGAL STANDARDS**

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or

recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Further, failure to file timely objections constitutes a waiver of *de novo* review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Pursuant to this Court's Local Rules, "written objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection." LR PL P 12(b). The Local Rules also prohibit objections that "exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation." LR PL P 12(d).

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, *de novo* review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. N.Y. State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012).

Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by

2

legal authority, [are] not sufficient." Id. at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the [C]ourt to previously filed papers or arguments does not constitute an adequate objection." Id.; see also Fed. R. Civ. P. 72(b); LR PL P 12. Objections must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." Osmon v. United States, 66 F.4th 144, 146 (4th Cir. 2023) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)). While "[d]istrict courts are not expected to relitigate entire cases to determine the basis of a litigant's objections[,] . . . [i]f the grounds for objection are clear, district court judges must consider them *de novo*, or else run afoul of both § 636(b)(1) and Article III [of the U.S. Constitution]." Elijah v. Dunbar, 66 F.4th 454, 460 (4th Cir. 2023).

Finally, the Fourth Circuit has long held, "[a]bsent objection, [no] explanation need be given for adopting [an R&R]." Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

## II.  DISCUSSION

First, the Court finds Magistrate Judge Trumble accurately and succinctly summarized the factual and procedural history of this case in his R&R. ECF No. 33 at 2–5. In the interest of brevity, the Court incorporates that summary herein.

As to the merits, Magistrate Judge Trumble recommends the Court deny and dismiss without prejudice the Petitioner's § 2254 petition for three reasons. See id. at 13–20. First, Magistrate Judge Trumble found this Court lacks jurisdiction over the petition because the Petitioner has not exhausted his state court remedies. Id. at 12–17. Second, to the extent the Petitioner raises issues not presented on direct appeal,

Magistrate Judge Trumble concluded they are procedurally defaulted by the Petitioner's failure to raise them in state court. Id. at 17–19. Third, Magistrate Judge Trumble reasoned the Petitioner is not entitled to relief on his ex post facto claim because it was raised before and ruled on by the Supreme Court of Appeals of West Virginia in a decision that "was not contrary to, [n]or involved an unreasonable application of[,] clearly established federal law." Id. at 20 (citing 28 U.S.C. § 2254(d), (d)(1), (d)(2)).

In his two-page "Objection to Report and Recommendation," the Petitioner avers he "is arguing matters of [l]aw and therefore requests review." ECF No. 35. Thereafter, the Petitioner briefly states: "W. Va. Code § 61-11-18 (2000) is Unconstitutionally Vague[,] . . . and Appellate Counsel was Constitutionally Ineffective In Challenging the Statute's Constitutionality[.]" Id.

Upon consideration, the Court finds *de novo* review of the R&R unwarranted because the Petitioner's objections are not "sufficiently specific to focus the [Court's] attention on the factual and legal issues *that are truly in dispute*." Osmon, 66 F.4th at 146 (emphasis added) (quoting Midgette, 478 F.3d at 622). Indeed, the Petitioner's objections fail to dispute the R&R at all. In essence, Magistrate Judge Trumble recommends dismissal of the Petitioner's claims because the Petitioner has not satisfied the procedural prerequisites to considering his claims. The Petitioner's objections include no argument, no conclusion, nor even an implication, that Magistrate Judge Trumble's reasoning was incorrect. Instead of contending—or even alleging—he has satisfied all procedural prerequisites, the Petitioner simply restates his substantive claims, seemingly taking no position on Magistrate Judge Trumble's conclusions or reasoning. To be clear, the Court is cognizant that "objections need not be novel to be sufficiently specific." Elijah, 66 F.4th

4

at 460. But the flaw in the Petitioner's objections is not that he has made the arguments before. Rather, their flaw is that, despite being titled as such, they cannot reasonably be considered objections to the R&R because they neither reference any portion of the R&R nor assert any conclusion that conflicts with the R&R—expressly or impliedly. Therefore, the Court will review the R&R for clear error insofar as there are functionally no objections to the R&R before the Court. See id. at 459–60 (citing Diamond v. Colonial Life & Accident Co., 416 F.3d 310, 315 (4th Cir. 2005)).

Additionally, to the extent liberal construction requires this Court to interpret the Petitioner's objections as implying Magistrate Judge Trumble erred in recommending dismissal of the Petitioner's claims, this Court nonetheless finds the Petitioner's objections lack sufficient specificity. "'Just as a complaint stating only "I complain" states no claim, an objection stating only "I object" preserves no issue for review.'" Id. at 460 (quoting Lockert v. Faulkner, 843 F.2d 1015, 1019 (7th Cir. 1988)). Following therefrom, an objection *implying* only "I object" similarly fails "'to alert the [Court] of the true ground for the objection.'" Id. (quoting Midgette, 478 F.3d at 622). Accordingly, the Court declines "to relitigate [the] entire case[] to determine the basis of [the Petitioner's] objection[s] . . . [and instead] reviews the [R&R] for clear error only." Id. (citing Diamond, 416 F.3d at 315).

### III. CONCLUSION

For the above reasons, the Petitioner's objections [ECF No. 35] are **OVERRULED**. Upon review and consideration, this Court holds the R&R carefully considered the record and applied the appropriate legal analysis. Therefore, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 33] should be, and is, hereby **ORDERED ADOPTED**. For the reasons more fully stated in the R&R, it is

**ORDERED** that the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2254 [ECF No. 13] be **DENIED** and **DISMISSED WITHOUT PREJUDICE**. Consequently, this matter is **ORDERED STRICKEN** from the Court's active docket.

It is **FURTHER ORDERED** that the Respondent's motion to dismiss and for summary judgment [ECF No. 28] be **GRANTED**.

Finally, upon an independent review of the record, the Petitioner is hereby **DENIED** a Certificate of Appealability on his dismissed claims because he has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Clerk of Court is **DIRECTED** to transmit a copy of this Order to (1) any counsel of record by electronic means and (2) the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED**: July 15, 2024

*/s/ Gina M. Groh*
GINA M. GROH
UNITED STATES DISTRICT JUDGE